*448 OPINION.
Smith:
The only question for our decision is the deduction from the gross income of the consolidated returns of $10,000 for the year *449 1918 and $35,000 for the year 1919. The petitioners contend that these amounts were authorized by the board of directors of the Canton Art Metal Co., that officers and employees knew of the intention of the company to pay bonuses for those years and, so far as the year 1919 is concerned, that the bonuses were actually charged upon the books during the year.
We think that the bonus authorized by the board of directors in 1918 is a legal deduction from the gross income of that year. The evidence shows that the president of the company determined the amount of the bonus and instructed the bookkeeper to charge the same upon the books of account, and to credit the various employees therewith. Certain employees of the company had been advised of the bonus to be paid them. Although the evidence as to the communication of the amount to be paid to each employee is somewhat vague, we are of the opinion that the corporation had a liability of $10,000 for bonuses at the close of 1918. Appeals of American Express Co., 2 B. T. A. 498; Josiah Wedgwood & Sons, Ltd., 3 B. T. A. 355; Block & Kohner Mercantile Co., 4 B. T. A. 673.
We think that a different situation exists with respect to the payment of bonuses for the year 1919. A. B. Clark testified that about Christmas of 1919 he determined the amount of the bonus to be paid to the several employees, but the accounting records would indicate that there was no actual liability of the petitioner to pay bonuses for the year 1919 and we think that the fact that only $2,650 of the $35,000 sot up as a reserve for bonus for 1919 was paid during the year 1920 argues very strongly that there had been no clear determination of the amount of the bonus to be paid. It was not until some time in 1921 that $1,500 of the amount set up was paid to the factory employees, and not until 1923 that a large part of the bonuses reserve was credited to officers and employees.
The evidence indicates that the “ reserve for bonus ” set up on the petitioners’ books of account for 1920 was only the title under which a part of its surplus Avas carried. We think that the evidence shows no actual liability on December 31, 1919, on the part of the petitioners for the payment to their officers and employees of a bonus for 1919.
The year 1920 is not before us and we express no opinion as to the right of the petitioners to deduct from the gross income of 1920 amounts paid or credited to employees in 1920 out of the reserve for bonus standing upon their books of account at the time of such payment or credit.

Judgment mil be entered on 15 days' notice, under Bule 50.